# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Alfred Johnson, | Case No. 22-CV-0294 (JRT/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

This matter comes before the Court on Petitioner Michael Alfred Johnson's letter to the Court received on January 31, 2022 (Dkt. 1 ("Petition")). For the following reasons, the Court recommends dismissing the Petition without prejudice.

In June 2021, authorities charged Johnson with three counts of second-degree assault (violating Minn. Stat. § 609.222, subd. 1) and one count of possessing ammunition or a firearm after being adjudicated delinquent for a crime of violence (violating Minn. Stat. § 624.713, subd. 1). (*See* Compl. and Order of Detention 1-2, *State v. Johnson*, No. 27-CR-21-10564 (Minn. Dist. Ct. June 4, 2021).[1]) A Hennepin County jury convicted Johnson on three counts in November 2021. (*See* Register of Action, *State*

---

[1] Various state-court materials cited in this Report and Recommendation do not appear in this action's docket. The Court may nevertheless take judicial notice of these public records. *See, e.g., Von Kaenel v. Armstrong Teasdale, LLP*, 943 F.3d 1139, 1143 (8th Cir. 2019) (quoting *Williams v. Emps. Mut. Cas. Co.*, 845 F.3d 891, 903–04 (8th Cir. 2017) (quoting *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012)); *Josephs v. Marzan*, No. 21-CV-0749 (JRT/DTS), 2022 WL 45041, at *1 n.1 (D. Minn. Jan. 5, 2022) (citing authorities).

*v. Johnson*, No. 27-CR-21-10564 (Minn. Dist. Ct.), *available at* https://pa.courts.state.mn.us (last accessed Mar. 23, 2022).) On December 10, 2021, the Honorable William H. Koch sentenced Johnson to 60 months imprisonment. (*See* Order and Warrant of Commitment 1, 4, *State v. Johnson*, No. 27-CR-21-10564 (Minn. Dist. Ct. Dec. 10, 2021).)

Johnson is currently incarcerated at the Minnesota Correctional Facility in St. Cloud, Minnesota. (*See* Pet. 1.) On January 24, 2022, the Minnesota Court of Appeals received a Notice of Appeal from Johnson; that appeal is presently ongoing. (*See* Not. of Appeal, *State v. Johnson*, No. A22-0287 (Minn. Ct. App. Jan. 24, 2022); Case View, No. 27-CR-21-10564 (Minn. Ct. App.), *available at* https://macsnc.courts.state.mn.us (last accessed Mar. 23, 2022).)

The Court received this action's Petition on January 31, 2022. (*See* Dkt. 1.) The Petition indicates that Johnson wants to challenge his state-court conviction in No. 27-CR-21-10564. (*See, e.g.*, *id.* (asserting that Johnson "was convicted/sentenced . . . unlawfully").) Over time, Johnson has sent the Court numerous additional documents that seem to offer substantive reasons why the Court should overturn his state-court conviction. (*See* Dkts. 2, 6, 7, 10.) Given these materials, the Court sees Johnson's initial filing as a petition for a writ of habeas corpus—and specifically, one subject to 28 U.S.C. § 2254 (i.e., one on "behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

As a petition subject to § 2254, the Petition faces certain requirements. These include § 2254(b)(1)'s "exhaustion requirement":

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process; or
>
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement is "designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to . . . correct a constitutional violation.'" *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (brackets and ellipses in *Davila*)); see also, e.g., *Johnson v. Minn. Dep't of Corr.*, No. 16-CV-3331 (JRT/LIB), 2017 WL 2841227, at *4 (D. Minn. June 14, 2017) (making same point (citing cases)), *R. & R. adopted*, 2017 WL 2838123 (D. Minn. June 30, 2017).[2] To exhaust state-court remedies, a prisoner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary

---

[2] Courts addressing habeas petitions subject to § 2254 may consider exhaustion *sua sponte*. *See, e.g.*, *McCartney v. Vitek*, 902 F.2d 616, 617 (8th Cir. 1990) (per curiam); *Bennett v. Blue Earth Cty. Dist. Ct.*, No. 16-CV-3054 (WMW/SER), 2017 WL 957439, at *2 (D. Minn. Feb. 2, 2017) (citing *Davis v. Campbell*, 608 F.2d 317, 320 (8th Cir. 1979)), *R. & R. adopted*, 2017 WL 963155 (D. Minn. Mar. 9, 2017).

review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam)); *see also, e.g.*, *Landin v. Minnesota*, No. 19-CV-1405 (JRT/DTS), 2019 WL 3388928, at *1 (D. Minn. June 28, 2019) (quoting *Baldwin*), *R. & R. adopted*, 2019 WL 3387780 (D. Minn. July 26, 2019).[3]

Here, state-court records make plain that Johnson has not exhausted his state-court records—indeed, he has a pending appeal in the Minnesota Court of Appeals. The U.S. Court of Appeals for the Eighth Circuit has explained what follows when a petition subject to § 2254 is unexhausted:

> When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the "stay and abeyance" procedure described in *Rhines v. Weber*, [544 U.S. 269] (2005).[4] However, if no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default" . . . .

---

[3] As the block quote above suggests, a petitioner need not show exhaustion if "it appears that . . . there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). As best as the Court can tell, however, Johnson's filings in this action make no effort to show that either exception applies here.

[4] "Under this procedure, rather than dismiss the . . . petition . . . , a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Rhines*, 544 U.S. at 276.

*Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (citations omitted); *see also, e.g.*, *Latimer v. Smith*, 351 F. Supp. 3d 1218, 1223 (D. Minn. 2018) (citing *Armstrong*).

Here, Johnson has an available state-court remedy for his claims—his pending direct appeal—so this Court "must defer action" until he exhausts them. This raises that question of whether to dismiss the Petition without prejudice or use the *Rhines* stay-and-abeyance procedure.[5]

Discussing *Rhines* stays, the U.S. Supreme Court has said that they "should be available only in limited circumstances." *Rhines*, 544 U.S. at 277; *see also, e.g.*, *Xiong v. Beltz*, No. 20-CV-0473 (JRT/LIB), 2020 WL 1558138, at *2 (D. Minn. Feb. 27, 2020) (quoting *Rhines*), *R. & R. adopted*, 2020 WL 1550746 (D. Minn. Apr. 1, 2020). Specifically, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277; *see also, e.g.*, *Xiong*, 2020 WL 1558138, at *2 (quoting *Rhines*). Furthermore, even where good cause exists, a "district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless,"

---

[5] To be clear, it is not entirely clear whether the *Rhines* procedure should apply in cases featuring completely unexhausted petitions; *Rhines* itself addressed a "mixed" petition with both exhausted and unexhausted claims. From the Court's review, those circuits to consider the issue have all indicated that district courts can apply the *Rhines* procedure to completely unexhausted petitions. *See, e.g.*, *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016); *Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014); *Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009); *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006). The Eighth Circuit, however, has not addressed the question. This Court need not decide the issue here—it assumes, without deciding, that a district court may use the *Rhines* procedure even for petitions that are completely unexhausted.

5

and a district court should not grant a stay when a petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277; *see also, e.g.*, *Xiong*, 2020 WL 1558138, at *2 (citing *Rhines*).

This action presents no hint of any good-faith basis for Johnson's failure to exhaust state-court remedies, so the Court thus need not address the other *Rhines* factors. The Court recommends that no *Rhines* stay issue here; the Petition should instead be dismissed without prejudice.

This leaves one final issue: whether to issue Johnson a certificate of appealability ("COA"). Under 28 U.S.C. § 2253(c)(1)(B), "[u]nless a circuit justice or judge issues a [COA], an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." Under § 2253(c)(2), "[a] [COA] may issue under [§ 2253(c)(1)] only if the applicant has made a substantial showing of the denial of a constitutional right." And "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, no reasonable jurist would disagree with this Court's procedural recommendations (i.e., dismissal of the Petition without prejudice, with no *Rhines* stay issuing). The Court therefore recommends not granting Johnson a COA.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Petitioner Michael Alfred Johnson's letter to the Court—construed as a habeas petition subject to 28 U.S.C. § 2254—be **DISMISSED** without prejudice.

2. No certificate of appealability be issued.

Dated: March 23, 2022					*s/Elizabeth Cowan Wright*
							ELIZABETH COWAN WRIGHT
							United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).